FILED
JUN - 6 2018
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| SARA L. ROBERTS, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. MO:16-CV-00342-DC |
| | § | |
| BRINKERHOFF INSPECTION, INC., | § | |
| *Defendant.* | § | |

## Jury Instructions

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their

arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

### Burden of Proof: Preponderance of the Evidence

Plaintiff Sara L. Roberts has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Roberts has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

### Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial

evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

A PowerPoint was shown to you in opening statements. The PowerPoint was used solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. The PowerPoint is not evidence or proof of any facts. You should determine the facts from the evidence.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, when testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

### Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the

witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

### No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

### Probationary Period

You are instructed that even if an employee is still in her probationary period, she cannot be terminated for an unlawful reason.

## Title VII (42 U.S.C. § 2000e-2)

Plaintiff Roberts claims she was terminated, resulting from her rejection of Keith Demby's sexual advances, requests, or demands.

Defendant Brinkerhoff Inspection, Inc. d/b/a SMOB denies Plaintiff Roberts's claims and contends that Plaintiff Roberts has produced insufficient proof that her termination was related in any way to alleged sexual advances, requests, or demands by its employee Keith Demby, and that several, nondiscriminatory reasons for her termination existed at the time of her termination.

It is unlawful for an employer to discriminate against an employee because the employee rejects a supervisor's sexual advances, requests, or demands.

For Defendant Brinkerhoff Inspection, Inc. to be liable for sexual harassment, Plaintiff Roberts must prove by a preponderance of the evidence that:

1. Her supervisor Keith Demby made sexual advances, requests, or demands to Plaintiff Roberts;

2. Plaintiff Roberts rejected her supervisor's sexual advances, requests, or demands;

3. Defendant Brinkerhoff Inspection, Inc. terminated Plaintiff Roberts's employment; and

4. Defendant Brinkerhoff Inspection, Inc. terminated Plaintiff Roberts's employment because of her rejection of Keith Demby's sexual advances, requests, or demands.

Plaintiff Roberts does not have to prove that her rejection of the sexual advances, requests, or demands was the only reason Defendant Brinkerhoff Inspection, Inc. terminated her. But Plaintiff Roberts must prove that Defendant Brinkerhoff Inspection, Inc.'s decision to terminate her would not have occurred in the absence of her rejection of those advances, requests, or demands.

If you find that the reasons Defendant Brinkerhoff Inspection, Inc. has given for terminating Plaintiff Roberts is unworthy of belief, you may, but are not required to, infer that Defendant Brinkerhoff Inspection, Inc. would not have terminated Plaintiff Roberts's employment but for her rejection of supervisor Keith Demby's sexual advances, requests, or demands.

### Title VII (42 U.S.C. § 2000e-2)

Plaintiff Roberts claims that she would not have been terminated but for her sex.

The employer, Defendant Brinkerhoff Inspection, Inc., denies Plaintiff Roberts's claims, and contends that Plaintiff Roberts has produced insufficient proof to show her termination was related in any way to her sex and that several, nondiscriminatory reasons for her termination existed at the time of her termination.

It is unlawful for an employer to discriminate against an employee because of the employee's sex. An employer may, however terminate an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Roberts must prove by a preponderance of the evidence that:

1. Defendant Brinkerhoff Inspection, Inc. terminated Plaintiff Roberts; and

2. Defendant Brinkerhoff Inspection, Inc. would not have terminated Plaintiff Roberts in the absence of—in other words, but for—her sex.

Plaintiff Roberts does not have to prove that unlawful discrimination was the only reason Defendant Brinkerhoff Inspection, Inc. terminated her. But Plaintiff Roberts must prove that Defendant Brinkerhoff Inspection, Inc.'s decision to terminate her would not have occurred in the absence of such discrimination.

If you find that the reason Defendant Brinkerhoff Inspection, Inc. has given for termination is unworthy of belief, you may, but are not required to, infer that Defendant Brinkerhoff Inspection, Inc. was motivated by Plaintiff Roberts's sex.

### Title VII (42 U.S.C. § 2000e-2)

Plaintiff Roberts claims that she would not have been terminated but for her pregnancy.

The employer, Defendant Brinkerhoff Inspection, Inc., denies Plaintiff Roberts's claims, and contends that Plaintiff Roberts has produced insufficient proof to show her termination was related in any way to her pregnancy and that several, nondiscriminatory reasons for her termination existed at the time of her termination.

It is unlawful for an employer to discriminate against an employee because of the employee's pregnancy. An employer may, however terminate an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Roberts must prove by a preponderance of the evidence that:

1. Defendant Brinkerhoff Inspection, Inc. terminated Plaintiff Roberts; and

2. Defendant Brinkerhoff Inspection, Inc. would not have terminated Plaintiff Roberts in the absence of—in other words, but for—her pregnancy.

Plaintiff Roberts does not have to prove that unlawful discrimination was the only reason Defendant Brinkerhoff Inspection, Inc. terminated her. But Plaintiff Roberts must prove that Defendant Brinkerhoff Inspection, Inc.'s decision to terminate her would not have occurred in the absence of such discrimination.

If you find that the reason Defendant Brinkerhoff Inspection, Inc. has given for termination is unworthy of belief, you may, but are not required to, infer that Defendant Brinkerhoff Inspection, Inc. was motivated by Plaintiff Roberts's pregnancy.

### Consider Damages Only If Necessary

If Plaintiff Roberts has proved at least one of her claims against Defendant Brinkerhoff Inspection, Inc. by a preponderance of the evidence, you must determine the damages to which Plaintiff Roberts is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Roberts's damages as an indication in any way that I believe that Plaintiff Roberts should, or should not, win this case. It is your task first to decide whether Defendant Brinkerhoff Inspection, Inc. is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Brinkerhoff Inspection, Inc. is liable and that Plaintiff Roberts is entitled to recover money from Defendant Brinkerhoff Inspection, Inc.

### Damages

If you found that Defendant Brinkerhoff Inspection, Inc. violated Title VII, then you must determine whether it has caused Plaintiff Roberts damages and, if so, you must determine the amount of those damages.

Plaintiff Roberts must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Roberts need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others:

1. the amount of back pay and benefits Plaintiff Roberts would have earned in her employment with Defendant Brinkerhoff Inspection, Inc. if she had not been terminated from September 24, 2015, to

       the date of your verdict, minus the amount of earnings and benefits that Plaintiff Roberts received from employment during that time;

2. the amount of front pay and benefits Plaintiff Roberts would have earned in her employment with Defendant Brinkerhoff Inspection, Inc. if she had not been terminated on September 24, 2015, from the date of your verdict forward, minus the amount of earnings and benefits that Plaintiff Roberts received from employment during that time;

3. the amount of other damages sustained by Plaintiff Roberts which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in the past and future.

      Back pay includes the amounts the evidence shows Plaintiff Roberts would have earned had she remained an employee of Defendant Brinkerhoff Inspection, Inc. These amounts include wages or salary and such benefits as life and health insurance, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant Brinkerhoff Inspection, Inc. proves by a preponderance of the evidence Plaintiff Roberts received during the period in question.

      Front pay covers monetary damages for future lost wages and benefits. These amounts include wages or salary and such benefits as life and health insurance, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant Brinkerhoff Inspection, Inc. proves by a preponderance of the evidence Plaintiff Roberts would receive in the future.

      There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Roberts for the harm she has sustained. Do not include as actual damages interest on wages or benefits.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Roberts proves by a preponderance of the evidence that:

1. the individual who engaged in the discriminatory act or practice was acting in a managerial capacity;

2. he engaged in the discriminatory act or practice while acting in the scope of his employment; and

3. he acted with malice or reckless indifference to Plaintiff Roberts's federally protected right to be free from discrimination.

If Plaintiff Roberts has proved these facts, then you may award punitive damages, unless Defendant Brinkerhoff Inspection, Inc. proves by a preponderance of the evidence that the conduct was contrary to its good-faith efforts to prevent discrimination in the workplace.

In determining whether Keith Demby was a supervisor or manager for Defendant Brinkerhoff Inspection, Inc., you should consider the type of authority Keith Demby had over Plaintiff Roberts and the type of authority for employment decisions Defendant Brinkerhoff Inspection, Inc. authorized Keith Demby to make.

An action is in "reckless indifference" to Plaintiff Roberts's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff Roberts is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant Brinkerhoff Inspection, Inc. engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant Brinkerhoff Inspection, Inc. made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted anti-

discrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff Roberts's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Defendant Brinkerhoff Inspection, Inc. acted with malice or reckless indifference to Plaintiff Roberts's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff Roberts is entitled to receive, you may, but are not required to, award Plaintiff Roberts an additional amount as punitive damages for the purposes of punishing Defendant Brinkerhoff Inspection, Inc. for engaging in such wrongful conduct and deterring Defendant Brinkerhoff Inspection, Inc. and others from engaging in such conduct in the future. You should presume that Plaintiff Roberts has been made whole for her injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Defendant Brinkerhoff Inspection, Inc.'s conduct was. You may consider whether the harm Plaintiff Roberts suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant Brinkerhoff Inspection, Inc.'s conduct that harmed Plaintiff Roberts also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff Roberts.

2. How much harm Defendant Brinkerhoff Inspection, Inc.'s wrongful conduct caused Plaintiff Roberts and could cause her in the future.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant Brinkerhoff Inspection, Inc.'s financial condition, to punish Defendant Brinkerhoff Inspection, Inc. for its conduct toward Plaintiff Roberts and to deter Defendant Brinkerhoff Inspection, Inc. and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff Roberts.

### Duty to Deliberate

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the

attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.