IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| SARA L. ROBERTS | § | CAUSE NO. |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | 7:16-cv-00342-DC |
| | § | |
| BRINKERHOFF INSPECTION, INC. | § | |
| D/B/A SMOB | § | |
| | § | |
| DEFENDANT. | § | JURY DEMANDED |

**PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Sara L. Roberts ("Plaintiff") files this Unopposed Motion for Attorneys' Fees and related costs and expenses, and would respectfully show the Court as follows:

**PROCEDURAL HISTORY**

The case was originally filed on September 26, 2016 [Doc. 1]. Defendant filed a motion for summary judgment [Doc. 33], which the Court denied [Doc. 57].

After a trial on the merits, the Court submitted this case to the jury. The jury returned its verdict in favor of Roberts [Doc.75]. The jury awarded Roberts $42,000.00 for mental anguish, $125,000.00 for past wages and benefits, and $841,625.00 for punitive damages. The case was tried in three days beginning June 4, 2018.

Due the statutory cap, the amount of compensatory and punitive damages should be reduced to $50,000.00. Plaintiff's Motion for Entry of Judgment is being filed contemporaneously as is Co-Counsel Brian Carney's Motion for Attorney Fees [Doc. 79]. Plaintiff seeks entry of judgment for $288,471.74, including $94,810.50 in attorneys' fees and $6,109.72 in costs.

## BASIS FOR AWARD

This case was brought pursuant to Title VII of the Civil Rights Act of 1964, 42 USC § 2000e-5(f)(3), including the Pregnancy Discrimination Act (PDA), as amended, 42 § 2000e(k). Plaintiff claimed that Defendant discriminated her on the basis of sex and pregnancy when her employment was terminated. Plaintiff also claims that she was subjected to unwanted sexual advances from Defendant's supervisor Keith Demby. The jury agreed.

Title VII provides that the Court "may allow the prevailing party…a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. §2000e-5(k). Plaintiff is a prevailing party. *Buckhannon Bd. And Care Home, Inc. v. W. Va. Dept. of Health and Hum. Res.*, 598, 603 (2001) (defining "prevailing party" as one to whom the Court has awarded some relief and in whose favor a judgment has been entered).

Further, as the Supreme Court held in *Christiansburg Garment v. EEOC*, 434 U.S. 412, 417 (1978), under Title VII, a prevailing plaintiff ordinarily is to be awarded attorney's fees "in all but special circumstances." Plaintiff prevailed on her claims and received a jury verdict in excess of a million dollars. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," without the necessity of the Court considering the type of reduction that might be appropriate for a plaintiff who "succeeded on only some of his claims for relief." H*ensley v. Echerhart*, 461 U.S. 424, 434-35 (1983).

## THE LODESTAR

To calculate a reasonable fee award, the court must first calculate the lodestar by multiplying the number of hours reasonably spent on the litigation times a reasonable hourly billing rate. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 798 (5th Cir. 2006). "We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee." *Burlington v. Dague*, 505 U.S. 557, 562 (1992); *see also Saizan*, 448 F.3d at 800 ("[t]here exists a strong presumption of the reasonableness of the lodestar amount"). The Court's determination of the reasonable number of

hours and reasonable hourly rate are fact findings reviewed for clear error. *Saizan*, 448 F.3d at 800 ("assessing the initial determination of reasonable hours and rates for clear error"); *Simi Investment Co., Inc. v. Harris County*, 236 F.3d 240, 255 (5th Cir. 2000).

**A. Hourly Rate.** Plaintiff requests an hourly rate of $425 for lead counsel Holly Williams and an hourly rate of $200 for Associate Naomi Cobb. (Ms. Cobb worked on the case prior to trial.) In addition, Plaintiff requests hourly rates of $105 for paralegals Gina Ybarra and Cherie Oden respectively. The quality of Plaintiff' representation was very good, and that quality, as well as the skill, reputation, and ability of her counsel, should be reflected in the hourly rate. Generally, a high degree of skill is necessary to achieve success in cases of this nature. Ms. Williams is Board Certified in Labor and Employment law and has been practicing law for 25 years. The rates requested are rates charged to her fee-paying clients.

**B. Amount of Time Expended.** After a motion for summary judgment, this case finally went to trial almost two years after the termination of Plaintiff's employment. All time expended was reasonable and necessary. The bulk of the work was performed by Ms. Williams until the time for trial. There was no duplication of work or effort, and no unnecessary work was performed. Further, the assistance of co-counsel at trial is reasonable, particularly in light of the fact that Defendant utilized at least two lawyers throughout the entire case. There is no "one trial, one lawyer" rule, and when time is not duplicative, it is entitled to compensation. *See, e.g., Ralstin v. Northern Indiana Pub. Serv. Co.*, 1990 WL 258770 (N.D. Ind.) (court rejected claim that only one attorney was necessary to attend trial and noted that defendant's claim had little merit inasmuch as it used two attorneys during trial).

The number of hours required was a direct result of the aggressive defense of the case characterized by a motion for summary judgment, motion in limine, and responses to every motion

filed by plaintiff. See *Dodge v. Hunt Petroleum Corp.,* 174 F.Supp.2d 505, 511 (N.D. Tex. 2001) ("Defendant was a tough competitor and vigorously contested liability, which it had a right to do; however, at the same time, these actions required Plaintiff through her counsel to engage in conduct to counter Defendant's strategy and tactics, which she would not have otherwise been required to do.")

Attorney billing records must support the number of hours that are claimed to have been spent on the litigation. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Detailed time records are being filed contemporaneously.

Each hour claimed in this motion must be reasonable. *League of United Latin American Citizens No. 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). Reasonable hours do not include those that, in the exercise of counsel's "billing judgment," were "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Fee applicants are also expected to exercise billing judgment where necessary to ensure that only reasonably expended hours are fee-shifted to the losing party.

Ms. Williams exercised billing judgment by deleting entries for administrative time and duplication of effort. Ms. Williams also does not seek any time for the preparation of this motion even though a prevailing plaintiff is entitled to attorney's fees for the effort entailed in litigating a fee claim and securing compensation. *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985). The services for the time that counsel have not excluded are adequately described on their attached invoices as required by *League of United Latin American Citizens No. 4552*, 119 F.3d at 1233. These hours are reasonable, and this Court commits no clear error in accepting all of them as such. *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1582 (5th Cir. 1989).

## APPLICATION OF THE JOHNSON FACTORS

After the Court calculates the lodestar fee, it has discretion to adjust the lodestar up or down based on the "*Johnson* factors": (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Of those factors outlined in *Johnson*, the Fifth Circuit has held that four of them deserve special heed: "(1) the time and labor involved; (5) the customary fee; (8) the . . . results obtained; and (9) the experience, reputation, and ability of counsel." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1092 (5th Cir. 1982).

In this case, there is no basis for a lodestar reduction. The Court should award the lodestar amount based on the following factors.

(1) Time and labor required. As indicated above and in the billing records, the case was hotly contested, a motion for summary judgment was filed, and it took almost two years to get to trial.

(2) The novelty and difficulty of the questions presented. Employment discrimination cases are complex and are often based on circumstantial evidence.

(3) The skill requisite to perform the legal service properly. Civil rights cases are difficult to win, and intentional discrimination is hard to prove. Counsel obtained an outstanding result.

(4) The preclusion of other employment by the attorney due to acceptance of the case. Particularly due to the length of time it took to get this case to trial, counsel was committed and performed substantial work on Plaintiff's case, which time could have been spent on other matters, including other hourly work.

(5) The customary fee. As indicated in the discussion of the lodestar amount, the rate requested is customary for the area and is the same charged to fee-paying clients.

(6) Whether the fee is fixed or contingent. Although courts continue to cite this factor, Plaintiff notes that it has been rejected by the Supreme Court. *See, e.g.*, *Rutherford v. Harris County*, 197 F.3d 173, 193 (5th Cir. 1999) ("the Supreme Court has barred any use of this factor").

(7) Time limitations imposed by the client or the circumstances. Given counsel's docket, there has been considerable time pressure and limitations in responding to motions and preparing for trial.

(8) The amount involved and the results obtained. Plaintiff was fully successful on the merits, receiving liability findings on three causes of action and a jury verdict for over one million dollars. After the imposition of statutory caps, the proposed verdict will be almost $300,000.00.

(9) The experience, reputation, and ability of the attorneys. Ms. Williams has been practicing law in West Texas for twenty-five years. Ms. Williams is Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization and is one of the only, if not the only, attorney in West Texas with this specialization. Mr. Carney has obtained one of the few plaintiff's verdicts in West Texas for an employment case. The case was affirmed by the Fifth Circuit. *Jordan v. Ector County*, 516 F.3d 290 (5th Cir. 2008). Ms. Williams and Mr. Carney obtained a 6-figure verdict for the plaintiff in a sex discrimination case in 2013. *Ibarra v. United Parcel Service, Inc.(Ohio)*, Cause No. 7:10-cv-113-HLH; In the U.S. District Court for the Western District of Texas.

(10) The undesirability of the case. Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant. *Johnson*, 488 F.2d at 718-19. The undesirability of these types of cases is reflected by the fact that few attorneys in West Texas take this type of case.

(11) The nature and length of the professional relationship with the client. Although it is unlikely that the attorneys will represent Plaintiff in another matter, they have maintained a professional relationship with her for more than two years and will continue throughout the likely appeal of the verdict.

(12) Awards in similar cases. Mr. Carney obtained a verdict of $64,000 in the *Jordan* case, and was awarded $36,578.25 in fees and $5,287.91 in expenses for trial, and $64,186 in fees and $3,106.59 in expenses on appeal. Ms. Williams and Mr. Carney obtained a verdict of $600,000.00 in the *Ibarra* case, and the Court awarded attorneys' fees of $162,289.00 and costs of $4,016.99 [Doc. 147]. The Court approved rates of $325 and $275 for Ms. Williams and Mr. Carney respectively, more than five years ago. The reasonableness of the fee may be considered in light of awards made in similar litigation within and without of the district court's circuit. *Johnson*, 488 F.2d at 719.

The State Bar of Texas Hourly Fact Sheet, based on a voluntary survey conducted every two years by the State Bar of Texas, is unreliable and should not be used in deciding reasonable rates for employment cases in West Texas. As reflected in the report of Dr. Shirlene Pearson (supported by the Declaration of Holly B. Williams), the 2015 report had a response rate of only 12.5 percent (11,793/94,150). Because no breakdown by practice area is given, it is not possible to determine the response rate for attorneys who practice in the labor and employment area. The attorney survey is self-selecting, meaning that recipients decide whether or not to participate. Surveys of this type are

known to suffer from selection bias. The sample size is too small to provide adequate coverage in all geographic regions and practice areas. There are other reasons the survey is unreliable as detailed in Dr. Pearson's report. Ms. Williams' Declaration identifies a number of lawyers who practice in the area of labor and employment law and includes rates approved in various courts in the Western District of Texas.

## COSTS

Plaintiff also seeks recovery of the costs incurred in bringing this claim as allowed by 42 U.S.C. § 2000e-5(k). Whereas 28 U.S.C. § 1920 limits recovery of costs to certain categories enumerated in the statute, 42 U.S.C. § 2000e-5(k) is an independent source of authority for awarding costs and allows recovery of reasonable out-of-pocket expenses which are normally charged to a fee-paying client. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). *See also Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd*, 919 F.2d 374, 380 (5th Cir. 1990) ("All reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone are plainly recoverable in section 1988 fee awards because they are part of the costs normally charged to a fee-paying client.").

The total costs incurred are listed separately on counsels' invoices (they are also summarized in connection with AO 133, filed separately). The amount requested for costs is $6,109.72. As stated in their affidavits, the requested costs are for items that they would normally charge to fee-paying clients.

## CONCLUSION AND PRAYER

Plaintiff's counsel have fully complied with their obligations in seeking fees and costs in this case. They maintained meticulous, detailed contemporaneous records of their time and expenses. They have exercised billing judgment and deleted from this request time that was unnecessary,

duplicative or unreasonable for any reason. They have sought for themselves (and for others in their firms) billing rates that they have actually charged clients and that are within the rates charged by attorneys in this area with similar experience and ability. The Court should award the fees and costs as prayed for in the motion.

WHEREFORE, Plaintiff respectfully prays that the Court grant this motion and award attorney's fees and costs, and for such other, and further relief, at law or in equity, to which she may show herself justly and lawfully entitled.

>Respectfully submitted,
>
>By: /s/ Holly B. Williams
>    Holly B. Williams
>    Texas Bar No. 00788674
>
>**WILLIAMS LAW FIRM, P. C.**
>1209 W. Texas Avenue
>Midland, TX 79701
>432-682-7800; 432-682-1112 (fax)
>holly@williamslawpc.com
>
>**BRIAN CARNEY**
>Texas Bar No. 03832275
>1202 W. Texas Avenue
>Midland, Texas 79701
>432-686-8300; 432-686-1949 (fax)
>Brian@carneylawfirm.net
>
>**ATTORNEYS FOR PLAINTIFF**
>**SARA L. ROBERTS**

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 20, 2018, I conferred with Brad Davidson, attorney for Defendant Brinkerhoff Inspection Services d/b/a SMOB, as required by Local Rule Cv-7(j)(1) in an attempt to resolve all disputed issues relating to attorney's fees prior to making application. Mr. Davidson informed me that his client is unopposed to the relief sought in this motion.

>/s/ Holly B. Williams
>Holly B. Williams

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 20, 2018, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means:

Brad J. Davidson
Brad J. Davidson Law Firm, PC
12405 Quaker Ave, Ste B
Lubbock, TX 79424-7730
brad@braddavidsonfirm.com

Brian Carney
1202 W. Texas Avenue
Midland, Texas 79701
Brian@carneylawfirm.net

                 /s/ Holly B. Williams
                 Holly B. Williams